# United States District Court
# District of Massachusetts

BRIAN EDWARD MAHONEY,
     Petitioner,

       v.                 CIVIL ACTION NO. 2013-11564-NMG

JEFF GRONDOLSKY-WARDEN,
ERIC HOLDER-ATTORNEY GENERAL,
     Respondents.

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT ON THE RESPONDENTS [sic] FAILURE TO RESPOND TO PETITIONER'S 28 U.S.C. § 2241(c)(3) [sic] WITHIN TWENTY-ONE DAY ORDER (#9)

COLLINGS, U.S.M.J.

     Petitioner Brian Edward Mahoney filed a Petition for Writ of Habeas Corpus (#1) on June 28, 2013.  On July 19, 2013, Judge Gorton issued the

following Order:

> The Clerk shall serve a copy of this Order and the
> petition by mailing copies to Warden Grondolsky AND
> the United States Attorney for the District of
> Massachusetts. The Respondent [*sic*] shall, within 21
> days of ***receipt*** of this Service Order, file an answer (or
> other proper responsive pleading) to the habeas
> petition. Petition served by regular mail on
> respondents. Copy of Service Order sent by regular
> mail to petitioner.

(#9) (Emphasis supplied).

On August 20, 2013, counsel for the respondents filed a Motion to Stay the Habeas Corpus Action or, Alternatively, To Extend Time to Respond (#8). This was a "response" to the Petition within the meaning of Judge Gorton's Order. So the question becomes on what date did the respondents "receive" Judge Gorton's Order?

The respondents have filed an "Affidavit of AUSA Patrick Callahan" (#21) in which he submits documentary evidence that the U.S. Attorney received Judge Gorton's Order on July 30, 2013. (*See* #21-3 at p. 1) This is sufficient to prove the date of receipt. Accordingly, the "response" filed on August 20, 2013 was timely.

Therefore, I RECOMMEND that the Motion for Default Judgment on the

2

Respondents [*sic*] Failiure to Respond to Petitioner's 28 U.S.C. 2241(c)(3) [*sic*] Within Twenty-One Day Court Order (#9) be DENIED.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

November 25, 2013.