# United States District Court
# District of Massachusetts

BRIAN EDWARD MAHONEY,
    Petitioner,

    v.                         CIVIL ACTION NO. 2013-11564-NMG

JEFF GRONDOLSKY-WARDEN,
ERIC HOLDER-ATTORNEY GENERAL,
    Respondents.

# *REPORT AND RECOMMENDATION ON RESPONDENT'S [MOTION TO] DISMISS THE PETITIONER'S HABEAS PETITION (#10)*

COLLINGS, U.S.M.J.

    The instant petition should be dismissed forthwith for the same reasons that Mahoney's earlier petition (C.A. 13-11094-NMG) was dismissed. *See* 13-11094-NMG, #5 at pp. 3-4 ("Discussion").[1]  In short, in the instant case,

---

[1] A copy of the Memorandum and Order is attached hereto.

Mahoney is attempting to use the writ of the habeas corpus as a vehicle in advance of his criminal trial in order to obtain relief in the criminal case. This is not permitted absent a showing of extraordinary circumstances which have not been demonstrated.

Accordingly, I RECOMMEND that the Respondent's [Motion to] Dismiss (#10) be ALLOWED and that final judgment enter DISMISSING the Petition.

The parties are hereby advised that any party who objects to this recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616

F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

December 3, 2013.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
BRIAN MAHONEY,                  )
                                )
          Petitioner,           )
                                )
     v.                         )     C.A. No. 13-11094-NMG
                                )
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )
```

MEMORANDUM AND ORDER

For the reasons set forth below, the Court construes this action as seeking habeas relief pursuant to 28 U.S.C. § 2241 and denies the petition without prejudice and without payment of the filing fee.

BACKGROUND

Before the Court is Brian Mahoney's self-prepared pleading titled "petition to be released on personal recognizes." The "petition" is accompanied by two motions for appointment of counsel. Petitioner did not pay the $5.00 filing fee or file a fee-waiver application.[1]

Petitioner is detained at FMC Devens in Ayer, Massachusetts and a search of this Court's records reveals that he is not a party to any action in the District of Massachusetts other than

---

[1] Ordinarily, a petitioner will be granted additional time to comply with the filing fee requirements. However, for the reasons set forth below, the petition is subject to dismissal without prejudice.

the instant action.  A search of PACER (Public Access to Court Electronic Records) reveals that he is a defendant in a criminal matter now pending in the District of New Hampshire.  See <u>United States v. Mahoney</u>, C.R. No. 11-00006.  In 2011, a federal grand jury indicted Mahoney for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  <u>Id.</u>  Mahoney is represented by counsel in the criminal proceeding and there is an outstanding issue of whether he is competent to stand trial.

In the instant petition, Mahoney challenges the constitutionality of the Adam Walsh Amendments to the Bail Reform Act of 1984, 18 U.S.C. § 3242(e)(1)(B).  See Pet., ¶ 2.  Mahoney complains that the trial judge ordered him to remain in custody [for purposes of undergoing a risk assessment pursuant to the provision of 18 U.S.C. § 4246] and that he was "not allowed to call any witnesses on [his] behalf or to present evidence." <u>Id.</u> at ¶ 13.  He further complains that out of the "three attorney's (sic) that [he] received[,] not one filed a bail petition with the District of New Hampshire." <u>Id.</u> at ¶ 18.  For relief, he asks the Court to grant his "petition to be released on bail." <u>Id.</u> at ¶ 19.

REVIEW

As best can be gleaned from the petition, Mahoney is seeking a writ of habeas corpus that would cause him to be released from

2

pretrial detention.  Although the petition alleges that Mahoney's constitutional rights have been violated, the petition fails to provide any legal authority to support his request for relief.

The Court will review the petition pursuant to 28 U.S.C. § 2241.  Under Rule 4(b) of the Rules Governing § 2254 cases, the Court is required to examine a habeas petition, and if it "plainly appears from the face of the motion...that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal."  Rule 4(b).  See McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  See 28 U.S.C. § 2243.  Rule 4(b) and any other of the Rules Governing § 2254 Cases may be applied to any other habeas corpus petitions, (i.e., Section 2241 petitions), at the discretion of the district court.  See Rule 1(b) of the Rules Governing § 2254 Cases.

## DISCUSSION

Although Mahoney's petition is reviewed under Section 2241, the claims he asserts cannot be raised in a habeas petition.  It is well-settled that a federal pretrial detainee cannot use a habeas corpus petition to challenge the proceedings in a pending federal criminal case. Falcon v. U.S. Bureau of Prisons, 52 F.3d

3

137, 139 (7th Cir. 1995); <u>Whitmer v. Levi</u>, No. 07-4823, 276 Fed.Appx. 217, 218-19 (3rd Cir. 2008) (unpublished opinion); <u>Hall v. Pratt</u>, No. 03-1387) 97 Fed. Appx. 246, 247-48 (10th Cir. 2004) (unpublished opinion).

For almost one hundred years, it has been well settled that, in absence of exceptional circumstances in criminal cases, the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial. <u>Bens v. United States</u>, 266 F. 152, 155 (2d Cir. 1920) (citing <u>Jones v. Perkins</u>, 245 U.S. 390, 391 (1918)). Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." <u>Whitmer</u>, 276 Fed. Appx. at 219.

Mahoney cannot use a petition for writ of habeas corpus to circumvent or interfere with the authority of the presiding judge in his criminal case without showing extraordinary circumstances that would allow him to by-pass the normal procedures for raising his purported claims. This he failed to do and therefore Section 2241 relief is not available.

ORDER

For the reasons set forth above, the petition is dismissed without prejudice and without payment of the filing fee. The Clerk shall mail copies of this Memorandum and Order to

4

Petitioner and to Petitioner's defense counsel in New Hampshire.

SO ORDERED.

<u>June 17, 2013</u>      <u>   /s/ Nathaniel M. Gorton      </u>
DATE             NATHANIEL M. GORTON
                 UNITED STATES DISTRICT JUDGE